FILED
2012 Jul-20  AM 08:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| ANGELIA ODEN, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| vs. | ) | Case No. CV-11-S-3586-E |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Angelia Oden, commenced this action on October 10, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that there is no medical support for the ALJ's residual functional capacity (RFC) finding, and that the ALJ failed to include a "function-by-function" assessment in his RFC finding.  Upon review of the record, the court concludes that claimant's first contention has some merit.

Claimant asserts that "the Commissioner's decision should be reversed because there is absolutely no support for the ALJ's RFC assessment as the record is devoid of any physical RFC assessments from any physicians whatsoever."[1]  A closer read of claimant's brief reveals that what she really means by this argument is that the ALJ improperly rejected the RFC assessment from her treating physician, and that there was no *other* credible medical evidence to support the ALJ's RFC finding.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted).  Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was

---

[1] Doc. no. 8 (claimant's brief), at 4.

conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e). Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

On November 29, 2009, Dr. James Tuck, claimant's treating physician, indicated on a Physical Capacities Form that claimant could lift and/or carry ten pounds occasionally and five pounds frequently, and she could sit for a total of two hours and stand or walk for a total of four hours during an eight-hour workday. She

did not require an assistive device to ambulate.  She could never climb, balance, or work around hazardous machinery.  She could rarely push, pull, bend, stoop, reach, operate motor vehicles, or be exposed to environmental hazards.  She could occasionally perform gross and fine manipulation with her hands.  She could not "frequently" perform any work-related functions during an eight-hour work day.  She would be absent from work more than four days each month due to her impairments.  On a Clinical Assessment of Pain form dated the same day, Dr. Tuck indicated that claimant experienced intractable and incapacitating pain that would be increased by physical activity to such an extent that bed rest and/or medication would become necessary.  Furthermore, as a result of medication side effects, claimant would be totally restricted and unable to function at a productive level of work.[2]

The ALJ gave no weight to Dr. Tuck's assessment.[3]  She reasoned that the restrictions imposed by Dr. Tuck were inconsistent with claimant's ability to work part-time and care for her young child and teenager.  The ALJ also reasoned that Dr. Tuck's assessment was unsupported by evidence and inconsistent with the objective medical and other evidence of record.  Indeed, although the record reveals that claimant suffers from a variety of medical conditions and has consistently complained of pain as a result of those conditions, the clinical findings have generally reflected

---

[2] Tr. 456-57.

[3] Tr. 40.

4

little impairment of claimant's range of motion, gait, grip strength, or other functional abilities, and objective tests such as x-rays and CT scans have revealed only mild impairments.  Thus, the ALJ's conclusions were supported by substantial evidence, and the ALJ's decision to reject Dr. Tuck's assessment was in accordance with applicable law.[4]

The only other residual functional capacity assessment in the record was from Ms. Carra Wright, the state agency "Single Decision Maker," who undisputedly is not a medical professional.[5]  On October 14, 2008, Ms. Wright indicated that claimant could occasionally lift and/or carry fifty pounds, frequently lift and/or carry twenty-five pounds, stand and/or walk for a total of six hours in an eight-hour workday, sit for a total of six hours in an eight-hour workday, and perform unlimited pushing and/or pulling movements.  Claimant's only postural limitation was never climbing ladders, ropes, or scaffolds.  She had no manipulative, communicative, or visual limitations.  Her environmental limitations included avoiding concentrated exposure

---

[4] The court agrees with claimant that the ALJ's last proffered reason for rejecting Dr. Tuck's assessment is not very persuasive.  Dr. Tuck asserted that claimant never saw Dr. Tuck after November of 2009, so the doctor would not be in a position to comment on her ability to work after that date, and also could not comment on the fact that claimant did in fact work after that date.  Dr. Tuck's RFC assessment was dated in November 2009, so he certainly was able to competently assess her ability to work at that time.  Furthermore, the court does not understand why Dr. Tuck's lack of knowledge about claimant's work activity after November 2009 is a reason to reject Dr. Tuck's assessment.  However, even though the ALJ's reasoning is not very persuasive in this regard, the ALJ did articulate other, valid grounds for her decision to reject Dr. Tuck's assessment.

[5] *See* doc. no. 9 (Commissioner's brief), at 18 n.4 (acknowledging that Ms. Wright is a Single Decision Maker, not a medical professional).

to extreme heat and cold and avoiding all exposure to hazards such as machinery and heights.   At the end of the assessment, Ms. Wright noted that recent physical examinations showed normal range of motion of claimant's lumbar spine and all extremities, with no swelling, warmth, or deformity of any joint.  She also noted that claimant had normal muscle strength and no significant neurological deficit.  She concluded that "[t]he objective evidence on file supports a medium RFC therefore the claimant's statements regarding the severity of her condition are considered partially credible."[6]

Ms. Wright's authority to make such an assessment derives from 20 C.F.R. § 404.906(b), which describes several new decisionmaking models that are being tested by the Social Security Administration.  Specifically, Ms. Wright is part of the "single decisionmaker" model, which is described in the regulations as follows:

> In the single decisionmaker model, the decisionmaker will make the disability determination and may also determine whether the other conditions for entitlement to benefits based on disability are met.  The decisionmaker will make the disability determination after any appropriate consultation with a medical or psychological consultant.  The medical or psychological consultant will not be required to sign the disability determination forms we use to have the State agency certify the determination of disability to us (see § 404.1615).  However, before an initial determination is made that a claimant is not disabled in any case where there is evidence which indicates the existence of a mental impairment, the decisionmaker will make every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual

---

[6] Tr. 319-26.

functional capacity assessment pursuant to our existing procedures (see § 404.1617).  In some instances the decisionmaker may be the disability claim manager described in paragraph (b)(1) of this section.  When the decisionmaker is a State agency employee, a team of individuals that includes a Federal employee will determine whether the other conditions for entitlement to benefits are met.

20 C.F.R. § 404.906(b)(2).

Even though the Commissioner employs the single decision-maker model in making administrative determinations, the district courts within this Circuit have uniformly held that a residual functional capacity assessment from a single decision-maker does not constitute substantial evidence to support an ALJ's decision.  *See, e.g., Jackson v. Astrue,* No. CA 09–0807–C, 2010 WL 2573508, at *7 (S.D. Ala. June 21, 2010) (summarizing the relevant decisions).[7]  Even so, the Eleventh Circuit has been careful to note that consideration of a single decision maker's opinion is harmless error, as long as the ALJ did not place "great weight" on the opinion, and the ALJ's decision is based on *other* substantial medical evidence of record.  *See Castel v. Commissioner of Social Security,* 355 F. App'x 260, 265-66 (11th Cir. 2009).

It is not entirely clear how much weight the ALJ afforded Ms. Wright's assessment in this case.  The ALJ did not mention Ms. Wright in her administrative decision, and she did not cite to the assessment itself.  Even so, during the

---

[7] The Commissioner acknowledges this point in his brief.  *See id.* ("SDM-completed forms are not opinion evidence at the appeals level.").

administrative hearing, the ALJ specifically referenced the State Agency RFC assessment, and then asked the vocational expert to assume that claimant had the ability, consistent with that assessment, to perform medium, unskilled work with only casual limited interaction with the public and coworkers.  The vocational expert responded that, even with those limitations, claimant could perform some of her past work.[8]  The ALJ's ultimate residual functional capacity finding was the same as the one she proposed in her hypothetical question to the vocational expert: *i.e.,* medium work that is unskilled and requires only casual interaction with others.[9]  The ALJ's assessment of the ability to perform medium work is, of course, identical to the assessment made by Ms. Wright.  It therefore appears that the ALJ may have relied somewhat heavily upon Ms. Wright's assessment in making her residual functional capacity finding.  If the ALJ did so, then her residual functional capacity finding was not supported by substantial evidence.

Remand is warranted for the ALJ to more fully articulate the weight she afforded to the residual functional capacity assessment performed by Ms. Wright, the state agency's Special Decision Maker.  If the ALJ afforded that assessment any weight, then she should either obtain an additional consultative physical examination from an acceptable *medical* source, and/or additional evidence from claimant's

---

[8] Tr. 79-80.

[9] Tr. 35.

treating sources about the extent of claimant's functional limitations, and render a revised residual functional capacity finding.[10]

Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 20th day of July, 2012.

_____
United States District Judge

---

[10] Because remand is warranted on these grounds, the court need not discuss in detail claimant's other argument, that the ALJ failed to include a "function-by-function" assessment of claimant's residual functional capacity. The court pauses to note, however, that the argument seems to have little merit. If the ALJ determined that claimant was able to perform a full range of medium work, withe only the non-exertional limitations that the work be unskilled and involve only casual contact with others, then there was no need for the ALJ to discuss whether claimant could satisfy each exertional demand encompassed by the medium work category. *See Castel v. Commissioner of Social Security*, 355 F. App'x 260, 263 (11th Cir. 2009).